Filed 9/16/20  P. v. Xiong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Siskiyou)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>YIA XIONG,<br><br>      Defendant and Appellant. | C090619<br><br>(Super. Ct. No. SCCRCRF201816173) |

Appointed counsel for defendant Yia Xiong asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In July 2018, law enforcement officers found 101 marijuana plants on a property that had large water storage containers, pumps, and pipes.  One pipe for the site went down a creek, and there were areas on the property where refuse was within 150 feet of a creek.

1

The property had several wood outbuildings. Inside one building, which had two different rooms, with each room containing a sleeping area, officers found female clothing, makeup, and a purse that contained a photo identification card with defendant's name and birthday.

In March 2019, pursuant to a negotiated disposition and with the assistance of an interpreter, defendant pleaded no contest to a felony count of illegally cultivating more than six living cannabis plants, resulting in a violation of Fish and Game Code section 5650 or 5652, relating to waters of the state. (Health & Saf. Code, § 11358, subd. (d)(3)(c).) The prosecutor confirmed at the plea hearing that Fish and Game Code section 5650, subdivision (a)(6) was the relevant provision. That provision prohibits depositing "into the waters of" California "[a]ny substance or material deleterious to fish, plant life, mammals, or bird life." (Fish & G. Code, § 5650, subd. (a)(6).) The trial court provided the necessary advisements to defendant. The trial court also confirmed with defendant that she understood, initialed, and signed the plea form (that was translated for her).

The following month, defendant filed a motion to withdraw or set aside the plea, indicating in a declaration that she "felt the interpreters had misrepresented the terms of the plea agreement." Defendant further testified in support of the motion, stating that while she understood she was pleading to cultivation when she entered her plea, she did not feel right going forward with it because she pleaded to something she did not do. The trial court denied the motion to withdraw the plea, explaining there was no clear and convincing evidence that defendant was acting under some mistake or some other factor that affected her free judgment when she pleaded no contest.

In September 2019, the trial court suspended imposition of sentence and placed defendant on formal probation for three years with various terms and conditions.

At the sentencing hearing, defense counsel noted defendant's continued insistence on the motion the trial court already heard, presumably referring to the motion to

withdraw the no contest plea. But defendant did not obtain a certificate of probable cause, and the notice of appeal only purports to challenge "the sentence or other matters occurring after the plea that do not affect the validity of the plea."

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/S/
MAURO, J.


We concur:


/S/
BLEASE, Acting P. J.


/S/
DUARTE, J.